STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY A. VREELAND, PLAINTIFF IN ERROR.

Submitted July 6, 1916—Decided November 22, 1916.

1. The defendant was indicted under section 73*a* of the Crimes act (*Comp. Stat., p.* 1770) for desertion and willful refusal or neglect to provide for and maintain his wife and minor child. He had been arrested for carnal abuse and married the complaining witness. At the time, no home having been prepared, the wife acquiesced in an arrangement that she, with their baby (born before the marriage), should go temporarily to the home of her parents and the defendant to his parents. From that time forward the defendant persistently refused to recognize, live with, or provide for and maintain his wife and child, although he had the physical and financial ability so to do. He contributed nothing to their support except to send the wife a money order occasionally for an entirely inadequate sum, although the wife repeatedly called upon the defendant (who lived in the same neighborhood) to begin matrimonial cohabitation and to provide a home and support for her and his child. *Held,* that a motion for an acquittal, upon the ground that a violation of the statute was not shown, was properly refused.

2. Where a separation is shown to have originated with the wife's consent, it will become desertion from the time the wife makes sincere overtures to terminate it.

3. To constitute desertion upon the part of the husband, it is not necessary that the intent to desert should have been formed at the time of the separation, but it is sufficient if he afterwards determines to desert and persists in such determination.

On error to the Mercer Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and BLACK.

For the plaintiff in error, *John A. Hartpence.*

For the defendant in error, *Martin P. Devlin,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The defendant below was indicted for and convicted of desertion and willful refusal or neglect to provide for and maintain his wife and minor child.

We are of the opinion that the judgment must be sustained.

At the argument the defendant relied for reversal solely upon the alleged error of the trial judge in refusing to direct an acquittal, urged upon the ground that the evidence did not show a violation of the statute upon which the indictment was founded.

We think that motion was properly denied.

The indictment was founded upon section 73a of the Crimes act (*Comp. Stat., p.* 1770), which provides that:

"Any husband or father who deserts and willfully refuses or neglects to provide for and maintain his wife or minor child or children, shall be guilty of a misdemeanor," &c.

Now it was open to the jury to find from the evidence, among others, the following matters of fact:

The defendant and his wife were young folks. The defendant had been arrested for carnal abuse and married the complaining witness March 15th, 1915. At the time, no

home having been prepared, the wife acquiesced in an arrangement that she, with their baby (born before the marriage), should go temporarily to the home of her parents and the defendant to his parents. From that time until the finding of the indictment (February 2d, 1916), the defendant persistently refused to recognize, live with, or provide for and maintain his wife and child, although he had the physical and financial ability so to do. He contributed nothing to their support except to send the wife a money order occasionally for an entirely inadequate sum, although the wife, shortly after the marriage, repeatedly called upon the defendant, who lived in the same neighborhood, to begin matrimonial cohabitation and to provide a home and support for her and his child.

Clearly, in view of such evidence, the motion for an acquittal was properly denied.

The contention that there was no desertion because of the acquiescence of the wife in the separation at the time of the marriage is without merit. The evidence tends to show that it was understood by her to be temporary. Such separation became desertion from the time the wife made sincere overtures to terminate it. *Caffrey* v. *Caffrey,* 74 *N. J. Eq.* 834; *Hague* v. *Hague,* 85 *Id.* 537.

The argument that it was not desertion, because as defendant contends, there was no evidence of such an intent upon the part of the husband at the time of the separation, is not well founded, either in fact or in law. The evidence tended to show that such an intent was then formed. Moreover, to constitute desertion upon the part of the husband, it is not necessary that the intent to desert should have been formed at the time of the separation, but it is sufficient if he afterwards determines to desert and persists in such determination (*Foote* v. *Foote,* 71 *N. J. Eq.* 273), and of that there certainly was ample evidence.

The contention that the evidence showed that the defendant provided for his wife to the best of his ability, is not well founded in fact.

We have examined all other points made in the defendant's brief and find no merit in them.

The judgment below will be affirmed.